```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Bryan S. Raftery, et al.,

    Plaintiffs,

  v.                          Case No. 2:07-cv-649

S. Lee Corporation, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

    This is an action filed by plaintiffs Bryan S. Raftery, Ciatisa W. Raftery (the spouse of Bryan Raftery), and William J. Stilwell against the Sara Lee Corporation (referred to as the "S. Lee Corporation" in the complaint, and hereinafter referred to as "Sara Lee") and Route Relievers, Inc. The original complaint, filed in the Common Pleas Court of Franklin County, Ohio, on June 1, 2007, included claims of breach of implied contract (Count One), promissory estoppel (Count Two), unjust enrichment (Count Three), punitive damages (Count Four), and a loss of consortium claim asserted by Ciatisa Raftery (Count Five). A notice of removal based on the diversity of the parties was filed on July 10, 2007.

    On July 17, 2007, Sara Lee filed a motion to dismiss Counts Four and Five of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief. On August 7, 2007, plaintiffs filed a response to the motion to dismiss. Plaintiffs opposed the dismissal of the claim for punitive damages, noting that on July 20, 2007, they had moved for leave to file a first amended complaint which included fraud-based claims. Leave to file the first amended complaint was granted on October 1, 2007. However, plaintiffs agreed that dismissal of the loss of consortium

claim was appropriate. Sara Lee argued in reply that the allegations in the amended complaint were not sufficient to support a prayer for punitive damages.

On September 28, 2007, plaintiffs moved for leave to file a second amended complaint. The motion was granted on October 31, 2007. The proposed second amended complaint does not name Ciatisa Raftery as a plaintiff, and omits the loss of consortium claim asserted in the original complaint as Count Five. The second amended complaint asserts claims of promissory estoppel (Count One), unjust enrichment (Count Two), fraudulent misrepresentation (Count Three), fraudulent inducement (Count Four), and punitive damages (Count Six).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)(a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."); Evans-Marshall v. Board of Educ. of the Tipp City Exempted Village School Dist., 428 F.3d 223, 228 (6th Cir. 2005).

A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais & Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). While the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief

2

above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007). The court is not required to accept as true unwarranted legal conclusions or factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10 (6th Cir. 1987).

Sara Lee has moved to dismiss the loss of consortium claim. The plaintiffs conceded that the loss of consortium claim should be dismissed, and they omitted that claim from their second amended complaint. The second amended complaint supersedes all previous complaints, and it is now the legally operative complaint in this case. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306-07 (6th Cir. 2000). This branch of defendant's motion is therefore moot.

Sara Lee has also moved to dismiss plaintiffs' claim for punitive damages which was numbered as Count Four of the original complaint, and which is now asserted in Count Six of the second amended complaint. Although the punitive damages claim is a numbered count in the complaint, it is not a separate cause of action. See Hitchings v. Weese, 77 Ohio St.3d 390, 391, 674 N.E.2d 688 (1997)(in Ohio, no civil cause of action may be maintained simply for punitive damages). Rather, punitive damages are awarded as an incident of the cause of action in which they are sought, and are simply a remedy for other claims. Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638, 650, 635 N.E.2d 331 (1994). Thus, the court must determine whether the second amended complaint includes substantive claims which would support a prayer for punitive damages.

3

In their complaint, plaintiffs allege that they entered into an agreement with Sara Lee Corporation to service sales areas or routes in Columbus, Ohio, for Sara Lee's bakery products. Second Amended Complaint (hereinafter "Complaint"), ¶¶ 5, 8. To perform this function, plaintiffs were required by Sara Lee to become employees of Route Relievers, a temporary employment agency. Complaint, ¶¶ 6, 9. Plaintiffs were expected to make contact with retail stores, obtain purchase orders for Sara Lee products, and work in supermarkets passing out Sara Lee coupons and product samples. Complaint, ¶ 10. Plaintiffs allege that Sara Lee promised that plaintiffs would receive a percentage of the profits from the sales they made, and that they would be permitted to service the routes for at least eighteen months. Complaint, ¶ 11. According to plaintiffs, Sara Lee also represented that it would enter into an equity relationship with plaintiffs, and that their routes were secure. Complaint, ¶¶ 12-13.

Plaintiffs allege that in reliance on these representations, plaintiffs quit their previous jobs. Complaint, ¶¶ 14-15. From July 11, 2005, through September 30, 2005, plaintiffs obtained numerous purchase orders for Sara Lee products, but did not receive a share of the profits from those purchase orders. Complaint, ¶¶ 18-19. On October 1, 2005, plaintiffs were notified that effective November 6, 2005, Sara Lee employees would be servicing their routes, and plaintiffs' employment with Route Relievers was terminated as of November 6, 2005. Complaint, ¶¶ 20-22.

In Count One, plaintiffs assert a claim for promissory estoppel, claiming that they quit their previous jobs in reliance on the representation made by Sara Lee and Route Relievers.

4

Complaint, ¶¶ 23-30. In Count Two, plaintiffs claim that Sara Lee was unjustly enriched by plaintiffs' efforts in establishing customer contacts and obtaining numerous purchase orders. Complaint, ¶¶ 31-36.

Promissory estoppel and unjust enrichment are claims which are quasi-contractual in nature, and which apply in the absence of a contract. See Gevedon v. Gevedon, 167 Ohio App.3d 1, 9 at n. 3, 853 N.E.2d 718 (2006). A breach of contract is not a tort, even if the breach is done willfully, wantonly, maliciously, or in bad faith. Hoskins v. Aetna Life Ins. Co., 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983); Tibbs v. National Homes Construction Corp., 52 Ohio App.2d 281, 291, 369 N.E.2d 1218 (1977). Punitive damages are not available for breach of contract under Ohio law. DeCastro v. Wellston City School Dist. Bd. of Ed., 94 Ohio St.3d 197, 761 N.E.2d 612 (2002). Therefore, Counts One and Two will not support a claim for punitive damages.

In Count Three, plaintiffs assert a claim of fraudulent misrepresentation, and in Count Four, plaintiffs assert a claim of fraudulent inducement. Sara Lee argues that Counts Three and Four are merely breach of contract claims repackaged to look like tort claims. As a general rule, fraud cannot be predicated upon statements which are promissory in their nature when made, and which relate to future actions or conduct, since a representation that something will be done in the future, or a promise to do it, from its nature, cannot be true or false at the time when it is made, and thus cannot generally be fairly viewed as a representation of fact. Langford v. Sloan, 162 Ohio App.3d 263, 268, 833 N.E.2d 331 (2005). However, a plaintiff may prevail upon

5

a claim for promissory fraud if he proves that the defendant made a promise without the present intention of performing it. Id.; Williams v. Edwards, 129 Ohio App.3d 116, 124, 717 N.E.2d 368 (1998); see also Coal Resources, Inc. v. Gulf & Western Industries, Inc., 756 F.2d 443, 446 (6th Cir. 1985)("[M]aking a contractual promise with no present intention of performing it constitutes promissory fraud in Ohio."). This is true whether or not the promise is enforceable as a contract. Deitrick v. American Mortgage Solutions, Inc., No. 05AP-154 (10th Dist. unreported), 2007 WL 611589 at *3 (Ohio App. March 1, 2007).

Fraudulent inducement and fraudulent misrepresentation are tort claims. Yo-Can, Inc. v. The Yogurt Exchange, Inc., 149 Ohio App.3d 513, 778 N.E.2d 80 (2002); Dynes Corp. v. Seikel, Koly & Co., Inc., 100 Ohio App.3d 620, 647-48, 654 N.E.2d 991 (1994). Punitive damages may be recovered by a plaintiff injured by fraudulent inducements or misrepresentations. Curran v. Vincent, No. C-060521 (1st Dist. unreported), 2007 WL 2069947 at *3 (Ohio App. July 20, 2007)(citing Roberts v. Mason, 10 Ohio St. 277, syllabus (1859)). In such a case, exemplary damages are available in tort even if the case incidentally involves a contract. Id. (citing Sweet v. Grange Mut. Cas. Co., 50 Ohio App.2d 401, 407, 364 N.E.2d 38 (1975)).

The elements of the torts of fraudulent misrepresentation and fraudulent inducement are essentially the same. Bradford v. B & P Wrecking Co., Inc., 171 Ohio App.3d 616, 631 at n. 3, 872 N.E.2d 331 (2007). These elements include: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with

6

knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Id. at 631-32 (citing Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987)).

In this case, plaintiffs allege that Sara Lee represented to them that they would be entitled to a percentage of the profits from the sales of Sara Lee products which they procured, that Sara Lee would enter into an equity relationship with plaintiffs, and that plaintiffs' routes and market allowances were guaranteed for eighteen months. Complaint, ¶¶ 38-39; 44-45. Plaintiffs further allege that Sara Lee made these representations with knowledge of their falsity, with the intent of misleading plaintiffs into relying on the statements, "and with no intention of honoring these representations." Complaint, ¶¶ 40, 47-48. Plaintiffs allege that these representations were material to the dealings between the parties, and that plaintiffs reasonably relied on the misrepresentations, resulting in injury to the plaintiffs exceeding $25,000. Complaint, ¶¶ 41-42, 46, 49-50. Plaintiffs allege in Count Six that "Sara Lee never intended to fulfill the promises and representations made to" plaintiffs, and "acted willfully and wantonly in making representations and assurances to [plaintiffs] it had no intention of honoring." Complaint, ¶¶ 52-53. Plaintiffs further state:

> Upon information and belief, [Sara Lee] routinely engages in a pattern and practice of making representations and assurances to individuals to induce them into becoming route operators; however, [Sara Lee] does not honor its

>representations and assurances once the routes assigned to these individuals become profitable.  Once routes become profitable, [Sara Lee] re-assigns the routes to salaried employees to avoid paying any percentage of the profits to independent operators such as [plaintiffs].

Complaint, ¶ 54.

The allegations in Counts Three and Four do more than simply allege a willful, wanton or malicious breach of an agreement between plaintiffs and Sara Lee.  Those allegations are sufficient to allege the torts of fraudulent misrepresentation and fraudulent inducement.  The fact that the quasi-contract and tort claims all allege damages exceeding $25,000 is not sufficient to establish that the tort counts are really contract claims.  Likewise, the fact that plaintiffs assert claims of promissory estoppel and unjust enrichment based upon the same factual background as the fraud counts does not convert their fraud claims into contract claims.  Plaintiffs are permitted to plead alternative theories of liability in their complaint.  See Fed.R.Civ.P. 8(a) ("Relief in the alternative or of several different types may be demanded.").

The factual allegations in plaintiffs' complaint are sufficient to plead the tort claims of fraudulent misrepresentation and fraudulent inducement, which in turn are sufficient to support a prayer for punitive damages.  Sara Lee's motion to dismiss plaintiff's prayer for punitive damages is not well taken, and it is denied.

Date: November 15, 2007         _____s\James L. Graham_____
                                James L. Graham
                                United States District Judge

8